# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# HUNTINGTON DIVISION

| | |
|---|---|
| ALAN LANE HICKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. 3:21-00618 |
| v. ) | |
| ) | |
| DONNIE AMES, Superintendent, ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Petitioner's Motion for Temporary Restraining Order/Preliminary Injunction (Document No. 7), filed on December 9, 2021; and (2) Respondent's "Motion to Dismiss Under Rule 12(b)(6) for Untimeliness" (Document No. 18), filed on February 15, 2022. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Respondent's "Motion to Dismiss Under Rule 12(b)(6) for Untimeliness" and deny Petitioner's Motion for Temporary Restraining Order/Preliminary Injunction.

## PROCEDURE AND FACTS

**1.** **Criminal Action Nos. 86-F-59 and 88-F-2:**

On November 14, 1986, the Grand Jury of Putnam County, West Virginia, returned an Indictment against Petitioner charging him with one count of murder in the first degree (Case No. 86-F-59). (Document No. 18-1.) On March 7, 1988, the Grand Jury of Putnam County, West

Virginia, returned an Indictment against Petitioner charging with one count of aggravated robbery and one count of conspiracy to commit murder (Case No. 88-F-2). (Document No. 18-2.) On September 12, 1988, Petitioner's jury trial concerning both Indictments began. (Document Nos. 18-3 and 18-4.) At the completion of the State's case-in-chief on September 13, 1988, Petitioner moved for a judgment of acquittal on all charges. (Document No. 18-3.) The Circuit Court granted Petitioner's motion as to the charge of aggravated robbery, but denied the motion as to charges of first degree murder, conspiracy to commit murder, and the lesser included offense of grand larceny. (Id.) On September 14, 1988, the jury trial resumed and Petitioner offered no witnesses. (Id.) Following deliberation, the jury convicted Petitioner of first degree murder, conspiracy to commit murder, and the lesser included offense of grand larceny. (Id.) The jury did not recommend mercy concerning Petitioner's conviction for first degree murder. (Id.) October 25, 1988, the Circuit Court sentenced Petitioner to life imprisonment without the possibility of parole for his first degree murder conviction, an indeterminate sentence of not less than one (1) year nor more than five (5) years of imprisonment for his conviction of conspiracy to commit murder, and an indeterminate sentence of not less than one (1) year nor more than ten (10) years of imprisonment for his conviction of grand larceny. (Document No. 18-5.) The above sentences were ordered to run concurrently. (Id.)

On October 26, 1989, Petitioner, by counsel, filed his direct appeal with the Supreme Court of Appeals of West Virginia ("SCAWV"). (Document No. 18-7.) By Order entered on January 10, 1990, the SCAWV refused the appeal. (Id.) Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. (Document No. 1, p. 2.)

2.  **Rule 35 Motion**:

On February 23, 1989, Petitioner filed a "Motion for Reduction of Life Without Mercy

2

Sentence Under Rule 35." (Document No. 18-6.) Petitioner did not specify if he was requesting relief under subsection (a) or (b) of Rule 35 of the West Virginia Rules of Criminal Procedure. (Id.) Petitioner, however, requested that the Circuit Court enter an order "reducing his sentence of life without [mercy] sentence to life with mercy, or to an indeterminate term of not less than five years nor more than eighteen years, and that the Court grant any other relief it seems just and appropriate." (Id.) In support, Petitioner first stated that he had no prior criminal record. (Id.) Second, Petitioner argued that the evidence revealed that the victim's death "amounted to no more than second degree murder" and "the jury was without sufficient legal information to impose a sentence of life without mercy upon the Petitioner." (Id.) Thus, Petitioner claims that "jury acted illegally by not considering certain mitigating factors prior to making its recommendation." (Id.) Petitioner argues if the jury had been aware of the fact that Petitioner lacked a prior criminal record, the jury would have "most likely" recommended mercy. (Id.) Finally, Petitioner asserts that the Circuit Court "has vested in it the authority and power to reduce this Petitioner's sentence to any term it deems fair and appropriate." (Id.)

After the Circuit Court failed to rule upon the foregoing Motion for a number of years, Petitioner filed Petitions for Writ of Mandamus with the SCAWV to compel the Circuit Court to rule upon the Rule 35 Motion. (Docket Nos. 13-0278 and 18-0435). See West Virginia v. Hicks, 2020 WL 201222 (W. Va. Jan. 13, 2020); (Document No. 18-4.) On January 18, 2019, the Circuit Court entered its Order Denying Rule 35 Motion. (Document No. 18-15) The Circuit Court determined that Petitioner's Motion for Reduction of Sentence was filed pursuant to Rule 35(b) and the Court lack jurisdiction to consider it because the Motion was untimely. (Id.) The Circuit Court further found that even if it had jurisdiction to review of the merits of the Motion, "a reduction or modification of the [Petitioner's] sentence [would be] inappropriate" and "would

unduly depreciate the seriousness of the [Petitioner's] crimes." (Id.)

On February 13, 2019, Petitioner filed his notice of appeal from the Circuit Court's Order denying his Rule 35 Motion for Reduction of Sentence. (Document No. 18-18.) Petitioner argued that his sentence was illegal and that it was imposed in an illegal manner. (Id.) By Scheduling Order entered on February 15, 2019, the SCAWV instructed Petitioner that "the assignment of error . . . must relate only to the circuit court's decision not to reduce the Petitioner's sentence because Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." (Document No. 18-17.) By Summary Response filed on June 17, 2019, the State argued that the Circuit Court properly denied Petitioner's Motion for Reduction of Sentence because it was filed outside the 120 day limitation period provided under Rule 35(b). (Document No. 18-19.) Petitioner filed a Reply Brief. (Document No. 18-20.) On January 13, 2000, the SCAWV affirmed the Circuit Court's denial of Petitioner's Motion for Reduction of Sentence. Hicks, 2020 WL 201222 * at 4; (Document No. 18-4.) The SCAWV construed Petitioner's Motion as one under Rule 35(b) and upheld the Circuit Court's determination that the Circuit Court lacked jurisdiction to entertain Petitioner's Rule 35(b) motion because it was filed outside the 120-day time period. (Id.)

3.  **State *Habeas* Petition (Case No. 97-C-369):**

On November 20, 1997, Petitioner, acting *pro se*, filed his Petition for Writ of *Habeas Corpus* in the Circuit Court of Putnam County. (Document No. 18-8 and 18-9.); Hicks v. Trent, Case No. 97-C-369 (Cir. Ct. Putnam Co.). As grounds for relief, Petitioner asserted as follows:

> 1.  Following an acquittal on the charge of robbery, the State was foreclosed by the principle of collateral estoppel, as embodied in the United States Constitution Fifth Amendment guarantee against double jeopardy from convicting the Petitioner of the murder of Pedro Gaoea, therefore, the trial court erred in refusing to grant Petitioner's subsequent motion for acquittal of murder.

      2.      Petitioner's constitutional rights were violated under the Fifth, Sixth, and Fourteenth Amendment to the United States Constitution and Article Three, Section Five, Ten, and Fourteen of the West Virginia Constitution when the trial court refused to instruct the jury on self-defense.

(Document No. 18-9.) Subsequently, Petitioner filed a Motion for Appointment of *Habeas* Counsel and the Circuit Court appointed Shawn D. Bayliss as *habeas* counsel on August 28, 2012. (Document No. 18-8.) By Orders entered on January 15, 2013, April 19, 2013, and July 25, 2013, the Circuit Court granted Petitioner extensions of time to file his Amended *Habeas* Petition. (Id.) By Order entered on September 5, 2013, the Circuit Court granted Mr. Bayliss' motion to withdraw as counsel and appointed C. Dascoli, Jr., as new *habeas* counsel to represent Petitioner. (Id.) On May 3, 2016, Mr. Dascoli was relieved as counsel and Mr. Duane Rosenlieb was appointed as *habeas* counsel. (Id.) On January 20, 2017, Petitioner, by counsel, filed his Amended *Habeas* Petition. (Id.) On March 27, 2017, Petitioner filed a Motion to Proceed *Pro Se* and Remove Appointed Counsel. (Id.) The Circuit Court conducted a hearing upon the Motion on May 24, 2017. (Id.) By Order entered on May 30, 2017, Mr. Rosenlieb was relieved as counsel and Petitioner's motion to proceed *pro se* was held in abeyance. (Id.) On July 13, 2017, Petitioner filed a motion for transcripts of the May 24, 2017 hearing. (Id.) The transcripts of the hearing conducted on May 24, 2017 were filed on January 17, 2019. (Id.) On January 18, 2019, the Circuit Court scheduled a hearing for February 28, 2019, and directed that any Amended Petition must be filed by July 15, 2019. (Id.) On July 8, 2019, Petitioner filed a Motion for Extension of Time concerning the filing of his Amended *Habeas* Petition. (Id.) Petitioner's Petition remains pending before the Circuit Court. (Id.)

      4.      **Petition for Writ of Mandamus (No. 13-0278):**

      On March 15, 2013, Petitioner filed with the SCAWV a Petition for Writ of Mandamus. (Document Nos. 18-10 and 18-11.) In his Petition, Petitioner requested that the SCAWV issue a

writ of mandamus compelling the following: (1) The production of Petitioner's grand jury transcripts and a particular investigation report related to his underlying criminal actions (Case Nos. 86-F-59 and 88-F-2); (2) The Circuit Court to "appoint a competent attorney" regarding his pending State *habeas*; and (3) The Circuit Court to schedule a hearing on his Rule 35 Motion for Reduction of Sentence. (Id.) By Scheduled Order entered on March 27, 2013, the SCAWV directed Circuit Court Judge Phillip M. Stowers to file any response to the Petition by April 26, 2013. (Document No. 18-10.) On June 4, 2013, the SCAWV refused to issue the requested Petition for Writ of Mandamus. (Document No. 18-12.)

5. **Petition for Writ of Mandamus (No. 18-0435):**

On May 16, 2018, Petitioner filed with the SCAWV a Petition for Writ of Mandamus. (Document No. 18-14.) In his Petition, Petitioner requested that the SCAWV issue a writ of mandamus compelling the Circuit Court Judge Joseph K. Reeder to take action upon his outstanding (1) Motion for Reduction of Sentence that had been pending since February 23, 1989, and (2) Take action in his pending *habeas* proceedings. (Id.) On January 10, 2019, the SCAWV issued a Rule to Show Cause. (Document No. 18-13.) On January 18, 2019, the Circuit Court entered its "Order Denying Rule 35 Motion" (Document No. 18-15) and scheduled a hearing on Petitioner's Motion to Amend his *habeas* Petition (Document No. 18-8). On February 4, 2019, the SCAWV denied Petitioner's Petition for Writ of Mandamus as moot. (Document No. 18-16.)

6. **Instant Section 2254 Petition:**

On November 24, 2021, Petitioner, acting *pro se*, filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody.[1] (Document No. 1.) As grounds

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed

6

for *habeas* relief, Petitioner alleges the following: (1) Double jeopardy; (2) Failure to grant mistrial; (3) Failure to instruct on self-defense; and (4) Improper malice instruction. (Id.) By Order entered on November 30, 2021, the undersigned directed Respondent to file a limited Response addressing the timeliness of Petitioner's Petition and "include copies of Court and other records which would facilitate determination of the timeliness of Petitioner's Petition." (Document No. 5.)

On December 9, 2021, Petitioner filed a "Motion for Temporary Restraining Order/Preliminary Injunction with Supporting Memorandum of Law." (Document No. 7.) Also on December 9, 2021, Petitioner filed a "Motion to Exceed Page Limitation" concerning his Memorandum of Law in Support of his Section 2254 Petition. (Document No. 8.) By Order entered on December 10, 2021, the undersigned granted Petitioner's Motion to Exceed Page Limitation.[2] (Document No. 9.) On December 22, 2021, Respondent filed his Response in Opposition to Petitioner's "Motion for Temporary Restraining Order/Preliminary Injunction with Supporting Memorandum of Law." (Document No. 11.) Respondent argues that Petitioners Motion should be denied based on the following: (1) "Petitioner's motion is improperly filed in the instant § 2254 proceeding" (Id., pp. 4 – 5.); and (2) "Even if Petitioner's motion was proper in this habeas corpus action, he is not entitled to the relief he seeks." (Id., pp. 5 – 10.)

On January 13, 2022, Petitioner filed his Memorandum of Law in Support of his Section 2254 Petition. (Document No. 15.) On February 15, 2022, Respondent filed his "Motion to Dismiss

---

liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] By footnote, the undersigned noted the filing of Petitioner's Motion for Temporary Restraining Order/Preliminary Injunction. (Document No. 9, p. 1, fn. 1.) The undersigned notified Petitioner that "[t]o the extent Petitioner is wishing to assert a due process claim for the taking of his personal property or a claim of denial of access to the courts, such claims are properly asserted in a Section 1983 action." (*Id.*) The undersigned further directed the Clerk to send Petitioner a form Complaint and Motion to Proceed Without Prepayment of Fees and Costs. (*Id.*)

Under Rule 12(b)(6) for Untimeliness" and Memorandum in Support. (Document Nos. 18 and 19.) Respondent acknowledges that since Petitioner's conviction become final on April 10, 1990, Petitioner's limitation period began to run on April 24, 1996 and Petitioner had until April 24, 1997, to file his federal *habeas* corpus petition unless a tolling event occurred. (Id.) Respondent argues that Petitioner's untimely Rule 35(b) Motion did not toll the AEDPA one-year limitations period. (Id.) Respondent notes that Petitioner did not file his State *habeas* Petition until November 20, 1997, which was after the expiration of Petitioner's one year limitation (April 24, 1997). Respondent notes that Petitioner fails to set forth any justification for his delay or any extraordinary circumstances supporting the application of equitable tolling. (Id.) Accordingly, Respondent argues that Petitioner's Section 2254 Petition must be dismissed as untimely. (Id.)

On February 15, 2022, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's "Motion to Dismiss Under Rule 12(b)(6) for Untimeliness." (Document No. 20.) On April 22, 2022, Petitioner filed his Reply. (Document No. 23.) Petitioner argues that the statute of limitations period was tolled by his Rule 35 Motion. (Id.) Petitioner contends that he filed his Rule 35 Motion to cover a subsection (a) argument that his sentence was illegal. (Id.) Petitioner further contends that he included these arguments in his Petitions for Writ of Mandamus filed with the SCAWV in 2013 and 2018. (Id.) Next, Petitioner states that he filed a "Motion for Oral Argument and Hearing on Rule 35 Motion" on June 13, 2017. (Id.) Petitioner claims that within this Motion he listed "Correction of an illegal sentence" and "correction of sentence that was imposed in an illegal manner" as arguments in support of his Rule 35 Motion. (Id.) Petitioner contends that his "Motion for Oral Argument and Hearing on Rule 35 . . . changed the dynamics of the pending motion." (Id.) Finally, Petitioner contends that he is entitled to equitable tolling based on the Circuit Court's

excessive delay in denying his Rule 35 Motion. (Id.) Petitioner contends that he "relied upon the Rule 35 to toll his time because it was collateral review." (Id.)

## THE APPLICABLE STANDARD

In Section 2254 proceedings, the familiar standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to motions to dismiss. See Walker v. True, 399 F.3d 315, 319, n. 1. (4th Cir. 2005); also see Rules Governing Section 2254 Cases in the United States District Courts, Rule 12 (The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2254 proceedings). A motion to dismiss a Section 2254 petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009)(citing Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). The court, however, is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014)(quoting Blankenship v. Manchin, 471 F.3d 523, 529 (4th Cir. 2006). When assessing whether the Section 2254 petition states a claim for relief, the court must consider "the face of the petition any attached exhibits." Wolfe, 565 F.3d at 169 (internal quotations omitted). The court may also consider such exhibits and matters of public record, such as documents from prior state court proceedings, in conjunction with a Rule 12(b)(6) motion without having to convert the motion to one for summary judgment. Walker, 589 F.3d at 139.

## ANALYSIS

**1.      Motion to Dismiss Under Rule 12(b)(6) for Untimeliness:**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that Section 2254 *habeas* petitions must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3] If the Petitioner does not petition for a Writ of Certiorari in the United States Supreme Court upon the denial of direct review in the highest State Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ of Certiorari in the United States Supreme Court expires). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Petitioner's direct appeal of his conviction and sentence was denied by the West Virginia Supreme Court of Appeals on January 10, 1990. Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court, and

---

[3] Title 28, United States Code, Section 2244(d)(1) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

therefore his conviction became final under 28 U.S.C. § 2244(d)(1)(A) on April 11, 1990 (90 days after the West Virginia Supreme Court of Appeals denied his Petition for Appeal of his conviction and sentence). Thus, Petitioner's conviction became final prior to the enactment of AEDPA. The Fourth Circuit has held that, "in the case of a habeas challenge to a state conviction that became final prior to the enactment of AEDPA, a habeas petitioner is entitled to a one-year grace period from the effective date of the Act, April 24, 1996, in which to file a federal habeas petition." Crawley v. Catoe, 257 F.3d 395, 398 (4th Cir. 2001)(citing Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1988)). Accordingly, the one-year period of limitation began to run on April 24, 1996, and would run unless and until Petitioner sought post-conviction relief in the State courts or it expired. If and when Petitioner sought post-conviction relief in the State courts within the one-year period after April 24, 1996, the running of the period of limitation would be tolled and begin running again when Petitioner's post-conviction proceedings were concluded. If Petitioner did not seek post-conviction relief in the State Courts within the one-year period after April 24, 1996, the period would expire and he would lose the opportunity to seek *habeas* relief in the Federal District Court on April 24, 1997.

In the instant case, Petitioner filed a State *habeas* petition on November 20, 1997. Therefore, the one-year limitation period expired on April 24, 1997, unless Petitioner sought other post-conviction relief from the State courts prior to April 24, 1997. Petitioner argues that his "Motion for Reduction of Life Without Mercy Sentence Under Rule 35" filed on February 23, 1989, tolled the running of the limitations period. (Document No. 18-6.) Petitioner argues that his Section 2254 is timely because (1) Petitioner's Rule 35 Motion remained pending until 2019, and (2) Petitioner filed a State *habeas* Petition on November 20, 1997, that remains pending in the State court. The undersigned finds that the one-year statute of limitation is tolled by a properly

11

filed Rule 35 Motion. See Wall v. Kholi, 562 U.S. 545, 546, 131 S.Ct. 1278, 1281, 179 L.Ed.2d 252 (2011)(holding that AEDPA's limitation period may be tolled by the filing of a motion to reduce sentence pursuant to Rule 35); Bellamy v. Plumley, 2015 WL 2155697, * 5 (S.D.W.Va. May 7, 2015)("While a motion to reduce sentence may toll the AEDPA's statute of limitations from running, an untimely motion does not since it is not 'properly file' within the meaning of § 2244(d)(2)."); Turner v. Ballard, 2015 WL 4477816, fn. 7 (N.D.W.Va. July 22, 2015)(noting that the Rule 35 Motion tolled the running of the limitation period until the time within which petitioner could have, but did not, appeal the denial of his Motion); Johnson v. Plumley, 2014 WL 3735856, fn. 2 (N.D.W.Va. July 29, 2014)("[A] motion to reduce a sentence seeks collateral relief, and thus triggers the tolling provision of 28 U.S.C. § 2244(d)(2)"). Respondent, however, argues that Petitioner's Rule 35 Motion was filed untimely pursuant to subsection (b). Thus, Respondent argues that Petitioner's Rule 35 Motion was not properly filed and such did not toll the limitations period. The 1985 version of Rule 35 provided, in pertinent part, as follows:

> (a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
>
> (b) Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days *after* the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court of Appeals denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

State v. Hays, 185 W.Va. 664, 675, fn. 16, 408 S.E.2d 614, 625, fn. 16 (W. Va. 1991)(emphasis

added). The record reveals that Petitioner filed his Rule 35 Motion on February 23, 1989.[4] (See Document Nos. 18-3 and 19-6.) Respondent argues that "Petitioner's motion for reduction of sentence was untimely filed on February 23, 1989 – 121 days after his sentence was imposed via the circuit court's order on October 25, 1988." (Document No. 19, p. 9.) The undersigned, however, disagrees with Respondent's calculation. Petitioner was sentenced on October 25, 1988, and his 120 day period for filing a Rule 35(b) Motion began to run on October 26, 1988 and Petitioner had until February 23, 1989 to file his timely Rule 35(b) Motion. See State v. Asbury, 2022 WL 1115375, * 2 (W.Va. April 14, 2022)(finding that when computing the time period for the filing of a Rule 35 Motion, the time period begins to run the day *after* the sentence is imposed); W. Va. R. Crim. P. 45(a)("In computing any period of time, the day of the act or event from which the designated period of time begins to run shall not be included."). The undersigned finds it unnecessary to consider the issue of whether Petitioner's Rule 35 Motion was filed pursuant to subsection (a) or (b). Petitioner's Rule 35 Motion was timely filed on February 23, 1989 whether construed as being filed pursuant to subsection (a) or (b) of Rule 35.

Finding Petitioner's Rule 35 Motion to be timely and properly filed on February 23, 1989, such tolled the limitations period. While Petitioner's Rule 35 Motion was pending before the Circuit Court, Petitioner filed his State *habeas* Petition on November 20, 1997. (Document No. 18-9.) The Circuit Court entered its "Order Denying Rule 35 Motion" on January 18, 2019, and the SCAWV affirmed the Circuit Court's denial of Petitioner's Rule 35 Motion on January 13,

---

[4] The undersigned further notes that Respondent appears to acknowledge that Petitioner is entitled to the benefit of the "prisoner mailbox rule." The "prison mailbox rule" as announced in *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988), requires the Court to consider an inmate's submission as filed when he delivers it to prison officials for mailing. *See Lewis v. Richmond City Police Department*, 947 F.2d 733, 735-36 (4th Cir. 1991). Petitioner's Rule 35 Motion was filed on February 27, 1989, but dated February 23, 1989.

2000. (Document Nos. 18-4 and 18-15.) Petitioner's State *habeas* Petition, however, remains pending before the Circuit Court. (Document No. 18-8.) Thus, the one-year statute of limitation is currently tolled by Petitioner's State *habeas* proceedings. The undersigned notes that Petitioner has escaped any running of the limitations period giving him the full one year period to file his Section 2254 Petition in federal court. Thus, Petitioner's Section 2254 Petition filed on November 24, 2021 is timely. Accordingly, the undersigned respectfully recommends that Respondent's "Motion to Dismiss Under Rule 12(b)(6) for Untimeliness" (Document No. 18) be denied.

**2.    Motion for Temporary Restraining Order/Preliminary Injunction:**

In his "Motion for Temporary Restraining Order/Preliminary Injunction with Supporting Memorandum of Law," Petitioner complains that prison staff are improperly denying him "proper use of his personal property [(word processor)] without meaningful due process." (Document No. 7.) Petitioner explains that he "has spent a substantial sum for his word processor and instructional booklets, and therefore has a substantial property interest in retaining them." (Id.) Petitioner alleges that the "[d]eprivation is currently taking place without notice or a hearing." (Id.) Petitioner further alleges that if he is "denied the right to have his word processor serviced, or purchase ink cartridges for the same, the petitioner will be relinquishing use of his legal materials contained thereon, and would be severely restricted, if not completely prevented from having meaningful access to this court." (Id.) As relief, Petitioner requests that this Court enjoin Petitioner's custodian from the following: (1) "Removing Petitioner's word processor from his cell;" (2) "Ordering it sent out of the facility;" (3) "Continuing to refuse to allow Petitioner to purchase printing cartridges;" and (4) "Not allowing said word processor to be sent out for service and returned." (Id.) Petitioner argues that any of the forgoing actions or inactions would be "pursuant to an unwritten policy, and not based on any valid penological interest." (Id.)

14

In Response, Respondent argues that Petitioners Motion should be denied based on the following: (1) "Petitioner's motion is improperly filed in the instant § 2254 proceeding;" and (2) "Even if Petitioner's motion was proper in this habeas corpus action, he is not entitled to the relief he seeks." (Document No. 11.)

Petitioner has filed the foregoing Motion challenging conditions of his confinement in the instant Section 2254 proceeding. Title 28 U.S.C. § 2254 is the remedy for testing the validity of state convictions and sentences. Challenges to the fact of conviction or confinement or the duration of confinement are cognizable under the *habeas* statutes, see Heck v. Humphrey, 512 U.S. 447, 481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994), while Section 1983 actions are typically the proper venue for attacking unconstitutional conditions of confinement. See Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973); also see Nelson v. Campbell, 541 U.S. 637, 643, 124 S.Ct. 2117, 2122, 158 L.Ed.2d 924 (2004)("By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance."); Wilborn v. Mansukhani, 795 F.Appx. 157, 164 (4th Cir. 2019)(concluding that challenges to conditions of confinement fall outside the scope of *habeas corpus*). Thus, the undersigned finds that Petitioner's claim that he is being denied access to his word processor in violation of his constitutional rights is not cognizable under Section 2254.[5]

Notwithstanding the foregoing, the undersigned will briefly consider the merits of Petitioner's "Motion for Temporary Restraining Order/Preliminary Injunction with Supporting Memorandum of Law." Rule 65(b) of the Federal Rules of Civil Procedure sets forth the limited

---

[5] By separate Order entered this day, the undersigned as directed the opening of a Section 1983 action on behalf of Petitioner based on the above allegations.

circumstances under which a temporary restraining order can be granted as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed.R. Civ. P. 65(b). Rule 65(a) provides that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in Hoechst Diafoil Company v. Nan Ya Plastics Corporation, 174 F.3d 411, 422 (4th Cir. 1999), as follows:

> While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: '[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.' Granny Goose, 415 U.S. at 439.

"A plaintiff seeking a preliminary injunction *must* establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)(emphasis added). [A]ll four requirements must be satisfied." The Real Truth About Obama, Inc. v. Federal Election Commission., 575 F.3d 342, 346 (4th Cir. 2009), *judgment vacated on other grounds*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010).[6] The Fourth Circuit has

---

[6] The United States Supreme Court vacated the original decision in *Real Truth* for further consideration in light of *Citizens United v. Federal Election Commission*, 558 U.S. 310, 130 S.Ct. 876, 175 L.Ed.2d 753 (2010). *The Real Truth About Obama, Inc. v. Federal Election Commission*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010). The Fourth Circuit, however, reissued its opinion on Parts I and II of its opinion. *The Real Truth About Obama, Inc. v. Federal Election Commission*, 607 F.3d 355 (4th Cir. 2010).

explains that "[b]ecause a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by 'a clear showing' that, among other things, it is likely to succeed on the merits at trial." Id. Furthermore, the Supreme Court "rejected a standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was 'inconsistent with our characterization of injunctive relief as an extraordinary remedy that may be awarded upon a clear showing that the plaintiff is entitled to such relief." Id.(citing Winters, 55 U.S. at 22, 129 S.Ct. at 375-76.) Thus, a Court may not issue a preliminary injunction or temporary restraining order "simply to eliminate a possibility of a remote future injury." Kates v. Packer, 2014 WL 1218905, * 3 (M.D.Pa. March 24, 2014)(quoting Holiday Inns of America, Inc. v. B&B Corp., 409 F.2d 614, 618 *3rd Cir. 1969)("The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat.'"). The irreparable harm alleged by movant must be "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991), *abrogation recognized on other grounds*, Sarsour v. Trump, 245 F.Supp.3d 719, n. 6 (4th Cir. 2017); also see Kates, 2014 WL 1218905 at * 3(The irreparable harm must be "actual and imminent, not merely speculative.") As the Fourth Circuit has explained, the Court is no longer required to balance the irreparable harm to the respective parties. Real Truth, 575 F.3d at 347. Rather the movant must make a clear showing that he is likely to be irreparably harmed, and the Court must "pay *particular regard* for the public consequences in employing the extraordinary remedies of an injunction." Id.(citations omitted).

Petitioner has failed to show that he will suffer irreparable harm if the temporary or preliminary injunction is denied. Petitioner merely argues that he would prefer to use his word processor over computers in the law library or preparing handwritten documents. Although Petitioner indicates that he has certain documents saved on floppy discs that are not compatible with the law library computers, Petitioner does not allege or indicate that paper copies cannot be obtained concerning such. Furthermore, Petitioner's claim that he does not have unlimited access to the law library computers does not establish irreparable harm. The record clearly reveals that Petitioner has recently filed a typewritten "Reply to Respondent's Limited Response Regarding Timeliness and Respondent's Motion to Dismiss" and over 100 pages of Exhibits supporting such. (Document Nos. 23 and 23-1). Finally, Petitioner appears to merely speculate that he may be harmed by the denial of access to his word processor. As explained above, the mere possibility of harm will not suffice to support the granting of a temporary or preliminary injunction. Winter, 55 U.S. at 22, 129 S.Ct. at 375-76. Therefore, the undersigned finds that Petitioner has not clearly shown that he is likely to be irreparably harmed without a temporary or preliminary injunction. Accordingly, it is respectfully recommended that the District Court deny Petitioner's "Motion for Temporary Restraining Order/Preliminary Injunction with Supporting Memorandum of Law" (Document No. 7).

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's "Motion for Temporary Restraining Order/Preliminary Injunction with Supporting Memorandum of Law" (Document No. 7), **DENY** Respondent's "Motion to Dismiss Under Rule 12(b)(6) for

18

Untimeliness" (Document No. 18), and **REFER** this matter back to the undersigned for further proceedings.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Chambers, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to send a copy of the same to Petitioner, who is acting *pro se*, and to counsel of record.

Dated: May 5, 2022.



Omar J. Aboulhosn
United States Magistrate Judge